IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEMETRIOUS MARCELL YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-S-0379-W |
| ) | |
| SHERIFF DAVID ABSTON, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Demetrious Marcell Young, was convicted in the Circuit Court of Pickens County, on January 30, 2001, on his plea of guilty to third degree burglary, and on November 29, 2001, on his plea of guilty to first degree possession of marijuana. He was sentenced on those same dates to three and five years' imprisonment, respectively. Both sentences were split with the balances of the sentences suspended with probation. The petitioner did not take a direct appeal or file a Rule 32 petition on either of his convictions. On February 19, 2003, Young filed a petition for a writ of habeas corpus in this court.

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. The petitioner has filed nothing in response.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Young's burglary conviction became final on March 13, 2001, when the forty-two days in which he could have filed a direct appeal expired. Thus, the one-year limitations period began to run that day, giving Young until March 12, 2002, to file a habeas petition challenging his burglary conviction. Young's marijuana conviction became final on January 10, 2002, when the forty-two days in which he could have filed a direct appeal expired. Thus, the one-year limitations period began to run that day, giving Young until January 9, 2003, to file a habeas petition challenging his

marijuana conviction. He did not file his petition until February 7, 2003.[1] Thus, the petition is barred by the statute of limitations.

Accordingly, the petition for a writ of habeas corpus is due to be DISMISSED. An appropriate order will be entered.

DONE this **29th** day of March, 2004.

                                                     /s/ Lynwood Smith
                                        UNITED STATES DISTRICT JUDGE

---

[1] Young's petition was actually stamped "filed" into this court on February 19, 2003. However, the petition itself is dated January 29, 2003, and the affidavit in support of Young's request to proceed in forma pauperis, which was also stamped "filed" into this court on February 19, 2003, is dated February 7, 2003. Both the petition and the affidavit in support of Young's request to proceed in forma pauperis were mailed to the court in an envelope that was postmarked on February 13, 2003. Pursuant to the "mailbox rule," Young's petition is deemed filed in this court on the date he delivered his petition to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). The court will presume for statute of limitations purposes that Young delivered his petition to prison officials for mailing on February 7, 2003, the date the affidavit in support of his request to proceed in forma pauperis was signed. Thus, Young's petition is deemed filed in this court on February 7, 2003.